IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MARY PAYNE and CHRIS GRACE,

        Plaintiffs,

vs.

ONESOURCE RIVERBEND GROUP, LLC, AND MICHAEL POLLARD,

        Defendants.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MARY PAYNE and CHRIS GRACE, by and through the undersigned attorney, sue the Defendants, ONESOURCE RIVERBEND GROUP, LLC and MICHAEL POLLARD, and alleges:

1. Plaintiffs were employees of Defendants and bring this action for unpaid overtime compensation and minimum wages, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1

## GENERAL ALLEGATIONS

2. Plaintiffs worked for Defendants from approximately November 2019 to October 2021.

3. Plaintiff worked for Defendants as maintenance employees performing construction and maintenance duties.

4. At all times, Plaintiffs were paid by the hour by Defendants.

5. Plaintiffs worked at the rate of $14.00 per hour.

6. Defendant's headquarters and principal place of business is in Dalton, Georgia, and within the jurisdiction of this Court.

7. At all times relevant to this action, MICHAEL POLLARD was an individual resident of the State of Georgia, who owned and operated ONESOURCE RIVERBEND GROUP, LLC, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of ONESOURCE RIVERBEND GROUP, LLC. By virtue of having regularly exercised that authority on behalf of ONESOURCE RIVERBEND GROUP, LLC, MICHAEL POLLARD is/was an employer as defined by 29 U.S.C. § 201, et seq.

8. This action is brought under the FLSA to recover from Defendants unpaid overtime compensation and minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA.

10. During Plaintiff's' employment with Defendants, Defendant, ONESOURCE RIVERBEND GROUP, LLC, earned more than $500,000.00 per year in gross sales.

11. During Plaintiff's employment with Defendants, Defendant, ONESOURCE RIVERBEND GROUP, LLC, employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce, including construction tools, cleaning supplies, and other items.

12. Defendant, ONESOURCE RIVERBEND GROUP, LLC was an enterprise under the FLSA.

13. Plaintiffs are individually covered under the FLSA by virtue of traveling across state lines in the performance of their job duties.

## FLSA VIOLATIONS

14. At all times relevant to this action, Defendants have failed to comply with the FLSA because Plaintiffs performed services for Defendants for which they were not paid full minimum wages and no provisions were made by Defendants to properly pay Plaintiffs for all overtime hours worked.

15. During their employment with Defendants, Plaintiffs routinely worked overtime hours.

16. Plaintiffs tracked their hours worked and reported their hours to Defendants via weekly timecards.

17. Defendants failed to pay Plaintiffs proper overtime compensation by (1) not paying Plaintiffs for all hours worked, and (2) by sometimes paying "straight-time" for overtime hours, failing to pay the additional half-time premium for all hours over forty (40) in each week.

18. Additionally, there were several weeks where Plaintiffs performed work without receiving *any* compensation (including weeks during which they worked more than forty (40) hours), which deprived

Plaintiffs of full and complete minimum wages and proper overtime compensation.

19. Plaintiffs are entitled to at least the applicable minimum wage for all hours worked.

20. Additionally, Plaintiffs are entitled to their regular rate of pay ($14.00/hour) plus the half-time premium ($7.00/overtime hour) for all hours worked in excess of forty (40) per week.

21. Based on the above policies and practices, Defendants have violated the FLSA by failing to pay at least the statutory minimum wage for all hours worked, and by failing to pay complete and proper overtime compensation for all hours worked over forty (40) each week.

22. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiffs is in the possession and custody of Defendants.

23. Plaintiffs have hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

24. All conditions precedent to this action have been performed or waived.

## COUNT I – RECOVERY OF OVERTIME WAGES

25. Plaintiffs reincorporate and readopt all allegations contained in paragraphs (1) through (24) above.

26. Plaintiffs were entitled to be paid overtime compensation for overtime hours worked.

27. During their employment with Defendants, Plaintiffs worked overtime hours but were not paid time and one-half of their hourly rate for all overtime hours worked.

28. Defendants did not have a good faith basis for their decision to not pay Plaintiffs complete and proper overtime compensation for all overtime hours worked.

29. Because of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs proper compensation, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

30. Because of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

31.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiffs, MARY PAYNE and CHRIS GRACE, demand judgment against Defendants for unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES

32.     Plaintiffs reincorporate and readopt all allegations contained in paragraphs (1) through (24) above.

33.     Plaintiffs are/were entitled to be paid the minimum wage for each hour worked per week.

34.     During their employment with Defendants, Plaintiffs were not paid the minimum wage for each week of work performed in violation of the FLSA.

35.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

36. Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

37. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

38. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiffs, MARY PAYNE and CHRIS GRACE, demands judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 22nd day of March 2022.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
*MAILING ADDRESS:*
*P.O. Box 530244*

*Atlanta, GA 30353-0244*
T: (407) 420-1414
F: (407) 245-3401
E:  <RMorgan@forthepeople.com>
*Attorney for Plaintiff*